1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No.  2:18-CR-00164-MCE

12              Plaintiff,

13        v.                                 **ORDER**

14    KELLY DUANE HUGHES,

15              Defendant.

16

17        Defendant Kelly Duane Hughes ("Defendant") pled guilty to Use of a

18    Communication Facility to Facilitate a Drug Trafficking Offense in violation of 21 U.S.C.

19    § 843(b).  He was sentenced on September 12, 2019, to thirty-six (36) months of

20    imprisonment.  Presently before the Court is Defendant's Emergency Motion for

21    Compassionate Release.  ECF No. 257.  The Government opposes Defendant's

22    request.  ECF No. 267.  For the reasons that follow, his Motion is DENIED.

23        Defendant contends that "extraordinary and compelling circumstances" exist such

24    that he should be released prior to his current anticipated release date in June 2022.

25    More specifically, according to Defendant, "[he] had a heart attack on the day he was

26    arrested for this case, resulting in surgery for a quadruple coronary bypass graft on

27    August 14, 2018."  Def. Mot. at 1.  "[Defendant] is 64 years . . . and also suffers from

28    cirrhosis of the liver, a liver cyst, chronic hepatitis C, C.O.P.D. (chronic obstructive

1

pulmonary disease), asthmatic bronchitis, a nodule on his lung, high blood pressure, disc

disease in his spine, hip surgeries, sleep apnea, and he is overweight – all of these

conditions putting him at higher risk of contracting COVID-19." Id.  Even having

considered Defendant's medical issues, however, the Court concludes that Defendant's

release would be inappropriate.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes

a final judgment' and may not be modified by a district court except in limited

circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original;

quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C.

§ 3582(c).  "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C.

§ 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated

administrative procedures, to file a motion with the district court for compassionate

release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020)

(citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—
> The court may not modify a term of imprisonment once it has
> been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of
> Prisons [("BOP")], or upon motion of the defendant after the
> defendant has fully exhausted all administrative rights to
> appeal a failure of the [BOP] to bring a motion on the
> defendant's behalf or the lapse of 30 days from the receipt of
> such a request by the warden of the defendant's facility,
> whichever is earlier, may reduce the term of imprisonment
> (and may impose a term of probation or supervised release
> with or without conditions that does not exceed the unserved
> portion of the original term of imprisonment), after considering
> the factors set forth in section 3553(a) to the extent that they
> are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a
> reduction;
>
> . . . .

///

///

2

and that such a reduction is consistent with applicable policy
statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions."  Riley, 2020 WL 1819838, at *5.  "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met:  (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement."  Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the

3

1  safety of others or the community, and (3) any requested reduction is consistent with the

2  policy statement." Riley, 2020 WL 1819838, at *6.

3  "The Sentencing Commission's application notes to this policy statement provide

4  further guidance." Id.  Indeed, the notes explain that "extraordinary and compelling

5  reasons" exist when:

6  (A) Medical Condition of the Defendant.

7  . . . .

8  (ii) The defendant is—

9  (I) suffering from a serious physical or medical
   condition,

10

11  (II) suffering from a serious functional or
    cognitive impairment, or

12  (III) experiencing deteriorating physical or mental
    health because of the aging process,

13

14  that substantially diminishes the ability of the
    defendant to provide self-care within the
    environment of a correctional facility and from

15  which he or she is not expected to recover.

16  U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

17  Here, Defendant contends he suffers from serious physical or medical conditions

18  that make him particularly vulnerable to COVID-19 such that he qualifies for release.

19  The burden is on Defendant. United States v. Holden, 2020 WL 1673440, at *3 (D. Or.

20  Apr. 6, 2020).  He has not met that burden here.

21  After considering all of the circumstances of this case, including the factors under

22  18 U.S.C. § 3553(a), the Court  absolutely agrees with the Government that, even

23  assuming Defendant's medical conditions were sufficient to qualify him for consideration

24  for release, which the Court does not address, such release would be inappropriate both

25  under 3553(a) and because Defendant is a danger to the community.

26  As the Government points out, "[Defendant's] criminal history is lengthy and

27  serious, with a number of narcotics-related crimes." Gov. Opp. at 15.  Neither his age

28  nor his medical conditions previously dissuaded him from engaging in a lifestyle of

4

1  narcotics use and distribution.  Especially given the short term of his incarceration, the

2  Court is not convinced Defendant will be able to avoid falling back into the life he led

3  prior to his conviction in this case.  Finally, the need for just punishment and to deter

4  both this Defendant and the public from engaging in similar criminal conduct is

5  paramount in this case.

6        Having found that Defendant is a danger to the community and having considered

7  all of the factors set forth in 18 U.S.C. § 3553(a), the Court thus concludes that release

8  would be inappropriate.  Defendant's Emergency Motion for Compassionate Release

9  (ECF No. 257) is DENIED.

10        IT IS SO ORDERED.

11

12  Dated:  October 16, 2020

13

14  MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28